UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PAUL HORN, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-01938 TLN DB P<br><br><u>FINDINGS AND RECOMENDATION</u> |

Plaintiff, an inmate proceeding pro se, brings a claim under 42 U.S.C. § 1985 and 42 U.S.C § 1986. Plaintiff claims defendants conspired to violate his civil rights. Presently before the court is plaintiff's complaint for screening (ECF No. 1) and plaintiff's motion to proceed in forma pauperis (ECF No. 2).

For the reasons set forth below, it will be recommended that this action be dismissed without leave to amend. Plaintiff's motion to proceed in forma pauperis will be denied without prejudice as moot.

**SCREENING**

**I.     Legal Standards**

As plaintiff is seeking to proceed in forma pauperis, the complaint must be screened by the court. The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

**II.  Plaintiff's Complaint**

Plaintiff brings this action under 42 U.S.C. § 1985 and § 1986.  (ECF No. 1 at 1.)  Specifically, plaintiff claims that defendants conspired to deny plaintiff "equal protection of the law and due process" (Id. at 3) and that "defendants sought to discriminate against plaintiff" as a "dependent disabled adult" under the Americans with Disabilities Act.  (Id. at 4.)  Plaintiff names Paul Horn and Jesse Underhill as defendants.  (Id. at 2.)  Neither are state actors.  (Id.) (stating that defendant Horn is an "attorney" and defendant Underhill is a "citizen").

**A. Claims Under 42 U.S.C. § 1985(3)**

Section 1985(3) creates a cause of action against defendants in a conspiracy to interfere with an individual's civil rights. To state a claim under § 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act done by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage, or deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). The Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff claims that he is a part of a protected class as he is a "dependent disabled adult" under the ADA. (ECF No. 1 at 3-4.) However, the Ninth Circuit has not recognized disabled individuals are a "class" for purposes of § 1985(3), and numerous other courts have held that disabled individuals do not constitute such a class. See Serris v. Chastaine, 2:22-cv-0434-JAM-CKD, 2022 WL 715115, *3 (E.D. Cal. 2022) (finding that disabled individuals are not a class under § 1985(3) and collecting cases where other courts have also held this to be the case); see also, Bonnette v. Dick, 1:18-cv-0046-DAD-BAM, 2020 WL 312733, *6 (E.D. Cal. 2020); Chasse v. Humphreys, CV–07–189–HU, 2008 WL 4846208, *5 (D. Or. 2008). Additionally, plaintiff's claims are insufficient to state a § 1985(3) claim as the complaint does not allege specific facts regarding the agreement between the two defendants. Karim-Panahi, 839 F.2d at 626.

For the foregoing reasons, plaintiff has failed to state a § 1985(3) conspiracy claim upon which relief can be granted.

////

////

### B. Claims Under 42 U.S.C. §1986

Plaintiff also states that his claims are brought under 42 U.S.C §1 986. "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. S.F. Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994). Plaintiff has not alleged that either of the defendants are state actors, nor does this appear to be the case from the complaint. Additionally, "[a] claim can be stated under [§] 1986 only if the complaint contains a valid claim under [§] 1985." Karim-Panahi, 839 F.2d at 626. As defendants are not state actors and he has not successfully stated a § 1985 claim, plaintiff has failed to state a claim under § 1986.

### III. No Leave to Amend

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012)). This court finds that amendment would be futile because, as discussed above, it is clear that plaintiff is unable to state a claim under § 1985 and § 1986 because disabled individuals do not constitute a protected class. Because any amendment would be futile, this court finds it appropriate to recommend that leave to amend be denied. See Newland v. Dalton, 81 F.3d 904, 907 (9th Cir. 1996) ("While Fed. R. Civ. P. 15(a) encourages leave to amend, district courts need not accommodate futile amendments."); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile). Accordingly, it will be recommended that this action be dismissed without leave to amend.

### IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) However, as it will be recommended that this action be dismissed, this motion will be dismissed without prejudice as moot. If these findings and recommendations are not adopted or withdrawn, plaintiff may file a renewed request to proceed in forma pauperis with the court.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied without prejudice as moot.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend for plaintiff's failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 28, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/duns1938.scrn.fr

5